```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

DONALD L. DAILEY, SR.,          :
                                :
         Plaintiff,             :
                                :
    v.                          : Civil Action No. 03-923-JJF
                                :
FIRST CORRECTIONAL MEDICAL and  :
SUESANNE RICKARDS,              :
                                :
         Defendants.            :
```

Donald L. Daley, Sr., Pro se Plaintiff.


Daniel L. McKenty, Esquire, and Steven F. Mones, Esquire, of
McCULLOUGH & McKENTY, P.A., Wilmington, Delaware.
Attorneys for Defendants.

## MEMORANDUM OPINION

May 30, 2006
Wilmington, Delaware

Farnan, District Judge

Plaintiff, Donald L. Dailey, Sr., SBI #257458, is a pro se litigant presently incarcerated at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. Defendants are First Correctional Medical ("FCM") and Suesanne Rickards (collectively "Defendants"). Plaintiff filed this action under 42 U.S.C. §1983 for violation of his Eighth Amendment rights. Presently before the Court is Defendants' Motion to Dismiss (D.I. 31) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed a response. For the reasons that follow, the Court will grant Defendants' Motion.

## BACKGROUND

Plaintiff alleges that because his left leg is shorter than his right and he has screws and pins in his left leg and ankle, he must wear special orthopedic boots at all times. He further alleges that Defendants failed to provide him with such boots from the beginning of his incarceration in October 2002 until June 2003, causing damage to his lower back and spine. (D.I. 2.) He also claims that he has been denied appropriate medical treatment, not only for the back pain allegedly caused by Defendants' failure to provide him with special boots, but also for unrelated eye problems. (Id.) He requests $240,000 in compensatory damages. (Id.)

1

**DISCUSSION**

**I. Standard of Law**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**II. Analysis**

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted because, inter alia, Plaintiff failed to exhaust all available administrative remedies

before filing a §1983 claim as required by law. Because the Court concludes that Plaintiff did not meet the threshold requirement of exhausting all available administrative remedies, the Court will dismiss Plaintiff's Complaint without prejudice without ruling on the substance of his claim.

A prisoner may not bring a §1983 claim with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (2006). A plaintiff must have exhausted all available remedies before filing suit even if the relief he is seeking from the court would not have been available through the grievance process, Booth v. Churner, 532 U.S. 731, 741 (2001), and even if the process is not "plain, speedy and effective" as required by federal standards. Porter v. Nussle, 534 U.S. 516, 524 (2002). To meet the exhaustion requirement, a prisoner must carry the grievance and appeal process through to completion even if he is dissatisfied with the prison's response or believes that further appeals would be futile. Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir 1999); see also Roach v. SCI Grateford Med. Dep't, 2006 U.S. App. LEXIS 10983 at *4-5 (3d Cir. May 2, 2006) (holding that the exhaustion requirement is not satisfied if filing a formal grievance would have been futile because the prisoner "already knew [prison officials'] responses to his complaint"). However, if prison authorities thwart the inmate's efforts to pursue the

3

grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir 2002).

The Delaware Department of Correction administrative procedures provide for a multi-tiered grievance and appeal process. Medical grievances are first forwarded to the medical services staff who attempt an informal resolution of the matter. If this fails, the grievance goes to the Medical Grievance Committee, which conducts a hearing. If the matter is still not resolved, the inmate may once again appeal. DOC Policy 4.4 (revised May 15, 1998).

Plaintiff's complaint makes it clear that he did not exhaust all available administrative remedies before bringing this action. On two separate occasions, Plaintiff filed initial grievances, but did not pursue them past the first stage by requesting a Medical Grievance Committee hearing. He claims that he did not receive a response to the first grievance, and that he was "tricked" into signing off on the second as "resolved." Neither of these assertions, even if true, allows him to meet the mandatory exhaustion requirement. His remedy in both instances was to file another grievance or to appeal to the Medical Grievance Committee, not to bring a §1983 claim in federal court. There is no indication here that the prison authorities have obstructed the grievance and appeal process in such a way that

4

available remedies should be deemed exhausted.

Therefore, the Court concludes that Plaintiff has not exhausted all administrative remedies available to him, which is a prerequisite to bringing a §1983 claim under §1997e. Accordingly, the Court will grant Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss (D.I. 31) will be granted. An appropriate order will be entered.

5